EDWARDS BROS. *v.* BILBO.[*]

(Division B., March 23, 1925.)

[103 So. 209. No. 24777.]

1. EXECUTION. *Not invalid though not indorsed that it was issued for use of surety who had paid the judgment.*

Execution *held* not invalid so as to authorize injunction restraining sale thereunder where issued in the name of complainant in the decree as in any case is proper under Code 1906, section 3735 (Hemingway's Code, section 2911), though the decree had been paid by the surety of the principal defendant, and the execution had not been indorsed, as in such case provided, that it was issued for the use of the surety.

2. HOMESTEAD. *Allotment held not void so as to authorize injunction against execution sale because of manner of selecting freeholders.*

Under Code 1906, section 2152 (Hemingway's Code, section 1827), allotment of homestead out of premises, on which execution has been levied, is not void, so as to authorize injunction against ex-

ecution sale, because on defendant's failing to select one of the three freeholders to make the allotment, the sheriff then required to select the three, selected as one of them the one who, on the original notice from the sheriff had been chosen by plaintiff in execution; but if such freeholder be not qualified or be prejudiced or acts unfairly defendant's remedy is under section 2155 (section 1830) by affidavit of incorrect allotment and hearing on return of the process.

3. EXECUTION. *In absence of showing of insolvency of execution plaintiff defendant cannot offset unliquidated claim by injunction.*

A claim of the principal defendant against the surety on his notes which might have been, but was not, litigated in the suit against both of them on the notes, resulting in decree for complainant, cannot, in the absence of a showing that the surety is insolvent, be used in an injunction suit to offset the amount of the decree in execution on the surety paying the decree and having execution issue for its use against the principal defendant.

*Headnotes 1. Executions, 23 C. J., sections 453, 908; 2. Homestead, 29 C. J., section 429; 3. Executions, 23 C. J., section 496 (1926 Anno).

APPEAL from chancery court of Pearl River county.

HON. T. P. DALE, Chancellor.

Injunction suit by T. D. Bilbo against Edwards Bros. and others. From an adverse decree the named defendant appeals. Reversed and remanded.

*J. E. Stockstill* and *W. W. Stockstill,* for appellants.

It will be observed by the court that the allotment was made by appraisers, two of whom were selected by the sheriff and one by the judgment creditor, in the presence of the defendant in execution, who declined to select an appraiser to represent him in the proceedings. It seems to be the contention of the appellee, who was defendant in execution, that the failure of the sheriff, upon the refusal of said defendant to make a selection, to call a third man to act in lieu of the one selected by the plaintiff in execution, was fatal to the validity of the

proceedings. Appellant contends, however, that this was at most ,a mere irregularity, which was waived by the defendant by his failure to contest the allotment in the manner provided by sections 2154, 2155, Code of 1906.

Irregularities may be waived by acquiescence in the appraisement and allotment, or by failure to question the competency of appraisers before they enter on their duty. 21 Cyc. 629; *Burton* v. *Spiers,* 87 N. C. 87; 30 Cyc. 254; 29 C. J. 974; *Harris* v. *Bassford* (Cal.), 78 Pac. 1038.

Allotment proceedings are generally held to be judicial and cannot be attacked collaterally, unless absolutely void, but objections thereto must be addressed to the court receiving the report, in this case the court to which the execution was returnable. 29 C. J. 977; *Hughs* v. *Pritchard* (N. C.), 68 S. E. 906; *Marshburn* v. *Lashlie* (N. C.), 29 S. E. 371; *Lallement* v. *Detert* (Mo.), 9 S. W. 568; *Ferguson* v. *Ferguson* (Miss), 5 So. 514.

This court in *Catlett* v. *Drummond,* 74 So. 323, held that the "provision of section 2724, Code of 1906, fixing the venue of actions before a justice of the peace against a freeholder or householder in the district of such freeholder's or householder's residence, confers 'a mere personal privilege, which may be waived by failure to claim it in the proper manner and at the proper time;' that is by objecting at the trial to the cause being proceeded with, and proving the existence of the facts upon which the claim must rest." See also, *Cross* v. *Levy,* 57 Miss. 634; *Gum Carbo Co.* v. *New Orleans German Gazett,* 90 Miss. 177, 43 So. 82.

II. Furthermore, we submit that the bill of complaint, the real intent and purpose of which, as we construe it, is to extinguish the decree on which the execution issued by establishing a set-off against it, really makes no attack on the validity of the allotment proceedings. At least, in so far as the allotment is concerned, it does not contain sufficient allegations of facts to entitle the complainant to any relief. In other words, there are no

.facts alleged, which show the invalidity of the allotment, except what appears on the face of the proceedings. The only allegation with reference thereto in the body of the bill is the statement quoted above to the effect that a writ of *venditioni exponas* was issued commanding the sheriff to expose for sale the remainder of the land after there had been an invalid and illegal attempt to allot to complainant his exempt homestead.

The complainant contends, however, that the allotment proceedings are void on their face, and that since these proceedings are made an exhibit to the bill, a *prima-facie* case is made thereby. It seems to us, however, that before the complainant would be entitled to injunctive relief he would have to show that he will be injured or damaged, if the alleged void allotment is allowed to stand. In other words, he would at least have to show that the property advertised for sale is exempt; otherwise no harm will be done to him by a sale thereof.

The only suggestion of an exemption in the whole bill from beginning to end is in the allotment proceedings, and we shall submit that these affirmatively show that the property in question is not exempt. If there had been no allotment the complainant would have to show that the property is exempt before he would be entitled to any relief at all; and in a contest under sections 2154 and 2155, even if the validity of the appointment of the appraisers was not in question, he would have to show that as a result of the incorrect or unfair allotment, his exempt property would be sold, if the allotment should be allowed to stand. Certainly, this court will require no less certainty in a bill to enjoin and set aside the whole proceedings.

III. This brings us to the question of the alleged set-off. It will be observed that the claims now sought to be set off against the decree on which the execution was issued all arose out of an alleged transaction that occurred prior to the filing of the suit in which such decree was rendered, and that instead of setting same up in a

cross bill against his codefendants in said suit, Bilbo elected to plead that the contract of sale between him and the co-defendant, appellant here, had been rescinded. We contend, as set forth in the first and second grounds of demurrer, that he thereby estopped himself from ever asserting the same demands in any action against the same defendant. In other words, Bilbo had the choice in the former suit of two inconsistent remedies or defenses, and the election and adoption of the one used at that time waived the other, and he cannot now pursue such other, even though he failed in the one adopted and used. 20 C. J., sec. 6, p. 5; *Weeke* v. *Reeve* (Fla.), 61 So. 749; 20 C. J., sec. 2, p. 8.

It is generally held that where the election of a remedy assumes the existence of a particular *status* or relation of the party to the subject-matter of the litigation, the party cannot afterwards pursue another remedy by which he assumes a different and inconsistent *status* or relation to the same subject-matter. *McKinnon* v. *Johnson* (Fla.), 52 So. 288; *Weeks* v. *Reeve, supra; American Process Co.* v. *Fla. White Pressed Brick Co.* (Fla.), 47 So. 942; 20 C. J., sec. 8, p. 9; *Dyckman* v. *Sevatson,* 39 Minn. 132, 39 N. W. 73; *Herbert* v. *Spurlock,* 26 Miss. 180; *Rowell* v. *Smith,* (Wis.), 3 Ann. Cas. 773.

The third ground of demurrer goes to the sufficiency of the whole bill, and the fourth challenges the right of the complainant to set off the demands set forth in the bill against a solemn, valid and binding judgment or decree of another court, even though it be held that there has been no waiver or estoppel. There are a few cases in this state holding that where a party seeking to execute a judgment is insolvent or a nonresident, or there is some other ground for equitable interference, the defendant in execution may have a claim held by him against such party at the time of the institution of the suit set off against the judgment rendered therein; but we have yet to find a case holding that a party can set off a claim held by him, liquidated or unliquidated, against a valid judg-

ment in favor of a solvent resident of this state, where no grounds for equitable interference are shown, except that the judgment creditor is, also, indebted to the judgment debtor. *Dibert* v. *Durham,* 116 Miss. 469, 77 So. 311; *Graves* v. *Hull,* 27 Miss. 419.

Set-off, or recoupment, presupposes that each of the parties have a right of action, which may be asserted in independent suits, and one cannot deny liability, or the right of his adversary to recover, and at the same time plead in independent matter by way of set-off. *Showalter* v. *Ford,* 34 Miss. 417; *Hoover Chemical Co.* v. *Humphrey,* 107 Miss. 810, 66 So. 214.

*W. A. Shipman,* for appellee.

Under the circumstances, with the appellants violating every requirement of law in the premises, with a valid claim outstanding against them in favor of the appellee, which they feared he might attempt to set off against any decree satisfied and paid by them to the Merchant's Bank, and in the face of the illegal and altogether irregular proceedings, running through the case from the issuance of the execution until and including the allotment of the appellee's homestead, what other course was left open to the appellee than to invoke the jurisdiction of the court of equity of the county in which the land seized and advertised to be sold, lies, after a farcical pretense of alloting him a homestead therein, absolutely void on the face of the proceedings.

Attention is especially called to the allegation in the bill of complaint: "The said clerk of the chancery court of Hancock county, on the 29th day of April, 1924, issued a writ of *venditioni exponas,* directed to the sheriff of Pearl River county, commanding that he expose for sale, and sell, the remainder of the land, after there had been an illegal and invalid attempt to allot to complainant his exempt homestead of the lands originally levied upon by the sheriff under and by virtue of the said writ of exe-

cution, as is fully made to appear from the said pretended allotment proceedings, which are all here brought and shown to the court, and hereby made a part of this bill of complaint for all purposes of this suit." Except that counsel in their brief and not under oath, informs us that "Edwards Brothers satisfied the decree in full and had execution issued thereon," we would still be in ignorance concerning the source of the movement for the issuance of the said execution.

Further, we submit that even though it could be shown that the execution was issued in conformity with the statute, and that it had indorsed thereon the clerk's certificate of subrogation, the pretended allotment was invalid, and would have defeated the purpose of the movants in the matter, for reasons fully apparent on the face of the report of the pretended proceedings.

1. The alleged notice by the sheriff to the plaintiff. This notice is dated the 16th day of March, 1924, and purports to be signed by "J. A. Smith, sheriff of Pearl River county, by Monroe Stewart, deputy sheriff." Why should the sheriff of Pearl River county limit the number of acres of land to be alloted to the appellee to one hundred fifty acres, when the statute fixes the maximum at one hundred sixty acres? Particular attention is called to the fact that Mr. Bilbo was present, "but refused to select a person to act as appraiser."

All of the law applicable to the allotment of homesteads under the facts shown in this record is embodied in section 2152, Code of 1906; section 1827, Hemingway's Code, and the two or three sections immediately following, and the construction placed by the courts thereon. It is of the utmost importance that the allotment shall be in conformity with the terms of the statute, the letter and the spirit. *Lazar* v. *Caston*, 67 Miss. 275.

Counsel for the appellants contend with great zeal that the real intent of the bill of complaint herein is to extinguish the decree, or to establish a set off against the same. Well, why not, if all the issues between the par-

ties can be settled in this one suit, such extinguishment, if the claim of the appellee be a valid and just one, ought to be permitted, as an incident to the main purpose of this suit, for discovery and to enjoin the sale under illegal process of the homestead of the appellee.

Argued orally by *W. W. Stockstill*, for appellants, and *W. A. Shipman*, for appellee.

HOLDEN, P. J., delivered the opinion of the court.

The appellee, T. D. Bilbo, secured an injunction restraining the sheriff of Pearl River county from selling certain land under an execution issued upon a decree against appellee and Edwards Bros., appellant, and in favor of the Merchants' Bank of Hancock County, the bill alleging that the execution was void because the clerk who issued it failed to "indorse thereon that it was issued for the use of the surety." Edwards Bros., appellant, who paid the judgment or decree under section 3735, Code of 1906 (Hemingway's Code, section 2911); and the bill further alleging that the land levied on was part of the homestead of appellee, Bilbo, and that the attempted allotment of his homestead under section 2152, Code of 1906 (section 1827, Hemingway's Code), was void; and also that appellee, Bilbo, had a claim of nine hundred dollars against Edwards Bros., whom the bill alleged were the owners of the decree against appellee, and that the nine hundred dollars should be allowed as a set-off against Edwards Bros., execution creditor.

The appellant, Edwards Bros., demurred to the bill upon several grounds, but the chancellor overruled the demurrer on the specific point, as recited in his written opinion herein, that the allotment of the homestead to the appellee, Bilbo, was void because the sheriff in attempting to carry out the proceeding under the allotment statute (section 2152, Code of 1906; section 1827,

Hemingway's Code), selected as one of the freeholders to make the allotment, one Gipson, an appraiser, whom the plaintiff in execution had already selected.

. To put it in different words, the chancellor held that when the defendant in execution failed to select a freeholder to represent him in the allotment, then the sheriff should not have selected said Gipson as one of the three freeholders, because he had been selected by the plaintiff in execution, that is to say, that the sheriff should have selected three freeholder appraisers to make the allotment none of whom had been previously chosen by either of the parties to the execution.

A brief history of the case is necessary to an understanding of the decision. In May, 1922, the appellee, Bilbo, purchased a Fordson tractor and an Oliver disc plow, for which he executed several promissory notes with lien retained therein. Edwards Bros., appellant, indorsed the two promissory notes, and, when Bilbo failed to pay the notes, the Merchants' Bank of Bay St. Louis filed suit in the chancery court to recover against the maker and indorser on the notes, and to condemn the machinery to sale, and the proceeds·to be applied on payment of the notes. There was a decree in favor of the bank against Bilbo and the surety, Edwards Bros., the machinery was sold and the proceeds applied to the payment of the two notes, and a decree over against Bilbo and·Edwards Bros., in the sum of about eight hundred dollars was rendered. There is no complaint as to the regularity or validity of the proceedings up to this point.

Afterwards the execution complained of in the present suit was issued by the clerk to recover the balance due by Bilbo on the decree against him. It is alleged in the bill, though the exhibits thereto seem to show otherwise, that the surety, Edwards Bros. had satisfied the judgment against them by paying the amount to the Merchants' Bank and had the execution issued against the appellee. The execution was issued in the name of the Merchants' Bank, and·if Edwards Bros. paid the decree

and had the execution issued thereon, the record does not disclose that the proper affidavit by them was filed, nor did the clerk indorse thereon that it was issued for the use of the surety, who paid the decree as provided in the said section 3735, Code of 1906 (section 2911, Hemingway's Code). The appellee therefore contends that the execution was void for this reason.

When the execution was issued against appellee, Bilbo, the sheriff levied upon the whole land occupied by Bilbo as a homestead, and, acting under the said allotment statute (section 2152, Code of 1906; section 1827, Hemingway's Code), notified both the defendant and the plaintiff "each to select one householder or freeholder" to appear at an appointed time and set off to the defendant, Bilbo, a portion of the land embracing the dwelling house and the outhouses as the exempt homestead and the part so allotted to be dismissed from execution.

At the appointed time the freeholder selected as appraiser by the plaintiff was present but the defendant, Bilbo, who was also present, failed and refused to select a freeholder appraiser to represent him in the allotment. Thereupon the sheriff, in pursuance of the directions of the statute, selected three freeholders, one of whom was the freeholder Gipson, selected by the plaintiff. The three freeholders so selected were duly sworn and proceeded to make the appraisement and allotment, and the land which Bilbo was entitled to as a homestead was allotted to him, and the other land separated from the homestead was held under the execution. And appellee contends that the allottment was void under the statute because the sheriff selected said Gipson whom the plaintiff had already chosen to represent him as appraiser in the allotment, and the chancellor overruled the demurrer upon this ground.

The appellee, Bilbo, had been duly notified to be present on the occasion of the allotment, and was there in person but made no objection to the proceedings; nor did he make any affidavit, after the allotment and before the

*vendi.* was issued, that he was dissatisfied with the allotment or that he believed it was incorrect or unfair, which would have entitled him to a suspension of the sale until an issue could be made up on the affidavit, and a trial had thereon, and a decision rendered upon the merits of the affidavit, all of which is provided for in section 2155, Code of 1906 (section 1830, Hemingway's Code).

We think, from the allegations and exhibits of the bill, the execution levied by the sheriff was valid under the statute. It was levied in the name of the complainant in the decree, the Merchants Bank, as provided by the statute, and upon its face is valid regardless of whether the surety, Edwards Bros., had satisfied the Merchants' Bank and become the owner of the decree; and the fact, that the clerk issuing the execution failed to indorse thereon that it was issued for the use of the surety, did not vitiate the process, and would only affect it, if at all, to the extent of making it voidable, which irregularity could have been reached by the proper motion, or could have been raised by the defendant on a hearing upon the return of the execution.

If the clerk issued the execution for the use of the surety it will be presumed, in the absence of proof to the contrary, that he acted in pursuance of his duty in the premises, and the failure to indorse the writ as mentioned above did not invalidate it. The defect, if it is such, should have been raised and corrected in the regular way after the return of the sheriff under the statute. Therefore we think the execution in favor of the Merchant's Bank was valid, and the proceeds therefrom will go to the appellant, Edwards Bros., if it shall be shown that they have in fact paid the amount of the decree to the Merchants' Bank, as provided in said section 3735, Code of 1906 (section 2911, Hemingway's Code).

On the second proposition, as to whether the allotment by the three freeholders was valid under the statute, we are of opinion that the selection by the sheriff of a freeholder who had already been chosen by the plaintiff in execution did not of itself make the allotment void.

The sheriff was authorized under the circumstances to select any three qualified freeholders to make the allotment, when Bilbo refused to select one, and so far as this record discloses, we see no good reason for holding that the freeholder originally selected by the plaintiff was disqualified from serving with two others selected by the sheriff when the defendant was present and refused to act. When the sheriff accepted Gipson as one of the appraisers and put him under oath with the others, Gipson then became and was the selection of the sheriff, and not the selection and representative of the plaintiff, as provided and authorized by the statute.

If the freeholder, Gipson, complained about, was not qualified or was prejudiced or acted unfair toward the defendant in the allotment proceeding, this could have been reviewed and remedies by the defendant making the affidavit provided in section 2155, Code of 1906 (section 1830, Hemingway's Code), whereupon such objection and the fairness of the allotment would have been heard and determined by the court on the return of the process by the sheriff. Appellee Bilbo failed to avail himself of the remedy to have the matter heard anew upon its merits, but now seeks injunctive relief to secure the thing that he ought to have sought under the provisions of the statute, and we do not think he can now complain.

On the third point with reference to the claim of nine hundred dollars due by Edwards Bros., to appellee Bilbo for the use of the machinery, we think the contention is unsound. If appellee had a meritorious claim of this character, he could have presented it in the original chancery suit of the Merchants' Bank against him and Edwards Bros., when the machinery was levied upon and sold, and the proceeds applied to the payment of the decree against Bibo and Edwards Bros., on the notes given for the machinery. This question could have been litigated in that suit, but, moreover, the claim cannot be here used to offset the amount of the decree in execution, because it is not shown that Edwards Bros., are insolvent.

It also appears from this record that the claim is scant of merit because appellee disclaimed ownership of the machinery or any right to recover for its use in the original suit against him.

In view of these conclusions, it is our judgment that the order of the chancellor overruling the demurrer was error, and therefore the decree is reversed, and the cause remanded for further proceedings.

*Reversed and remanded.*